UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES ALVIS JENNINGS,

        Petitioner,

                                              File No.  1:03-CV-611

v.

                                              HON. ROBERT HOLMES BELL

PAUL RENICO,

        Respondent.
                                       /

## O P I N I O N

      This matter is before the Court on Petitioner Charles Alvis Jennings' objections to the Magistrate Judge's May 13, 2005 Report and Recommendation ("R&R") recommending that the habeas corpus petition be denied. This Court is required to make a *de novo* review upon the record of those portions of the R&R to which specific objections have been made. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). *See also Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). In his original habeas corpus petition, Petitioner raised four grounds for relief: 1) insufficient evidence to support a conviction for first-degree murder; 2) ineffective assistance of counsel; 3) prosecutorial misconduct; and 4) unconstitutional limitation of Petitioner's testimony. In his objections to the R&R, however, while Petitioner generally objects to the Magistrate Judge's recitation of facts and broadly claims that the R&R is "clearly erroneous," he does not specifically dispute the Magistrate Judge's resolution of the insufficiency of the evidence claim or the limitation of his testimony. The Court has

reviewed the R&R's statement of facts and concludes that the R&R represents a fair and accurate statement of the facts. *See* R&R at 2-12. Petitioner principally focuses his objections on his ineffective assistance of counsel and prosecutorial misconduct claims. For the reasons stated below, Petitioner's objections are overruled and the Magistrate Judge's R&R is approved and adopted as the opinion of the Court.

I.

Although the Magistrate Judge's R&R is reviewed *de novo*, this Court must review the state court proceedings consistent with its authority under 28 U.S.C. § 2254. This action is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). *See, e.g., Penry v. Johnson*, 532 U.S. 782, 791 (2001). Under the AEDPA, an application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

Although it is not completely clear, it appears Petitioner's primary objection is that he has not been afforded an evidentiary hearing to develop the factual basis of his ineffective assistance of counsel claim. Section 2254(e)(2) limits the circumstances under which a

2

district court may grant an evidentiary hearing to a habeas corpus petitioner. Section 2254(e)(2) provides:

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that–
> (A) the claim relies on –
> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2). By its terms, § 2254(e)(2) does not apply unless a petitioner "failed to develop the factual basis of a claim in State court." "A defendant fails to develop the factual basis of a claim only when he is at fault for failing to develop the factual record in state court, as when he or his counsel has not exercised proper diligence, or greater fault, in failing to develop the record." *McAdoo v. Elo*, 365 F.3d 487, 500 (6th Cir. 2004) (citing *Williams v. Taylor*, 529 U.S. 420, 432 (2000)). The test for "fail to develop" is defined as a "lack of diligence, or some greater fault, attributable to the prisoner or the prisoner's counsel" in his or her attempts to discover and present a claim in state court proceedings. *Id.* (citation omitted). Diligence for purposes of § 2254(e)(2) depends upon "whether the prisoner made a reasonable attempt, in light of the information available at the time, to investigate and pursue claims in state court." *Williams*, 529 U.S. at 435. At a minimum,

3

diligence requires that the prisoner "seek an evidentiary hearing in state court in the manner prescribed by state law." *Id*. at 437.

In the event that a petitioner did not fail to develop the facts in the state court, § 2254(e)(2) does not apply but he is not entitled to an evidentiary hearing unless he can satisfy the pre-AEDPA standard. *See, e.g.*, *Davis v. Lambert*, 388 F.3d 1052, 1061 (7th Cir. 2004) (quoting *Matheney v. Anderson*, 253 F.3d 1025, 1039 (7th Cir. 2001)). Under this standard, Petitioner must allege "additional facts that, if true, would entitle him to relief" and establish one of the factors set forth in *Townsend v. Sain*, 372 U.S. 293 (1963), *overruled in part by Keeney v. Tamayo-Reyes*, 504 U.S. 1 (1992). *Connor v. Polk*, 407 F.3d 198, 208 (4th Cir. 2005); *see also Insyxiengmay v. Morgan*, 403 F.3d 657, 670 (9th Cir. 2005); *Parker v. Scott*, 394 F.3d 1302, 1324 (10th Cir. 2005) ("Under the pre-AEDPA standard, a habeas petitioner "must first make allegations which, if proved would entitle him to relief.") (quoting *Medina v. Barnes*, 71 F.3d 363, 366 (10th Cir. 1995)); *Davis*, 388 F.3d at 1061-62; *Spirko v. Mitchell*, 368 F.3d 603, 618 (6th Cir. 2004) (quoting *Townsend v. Sain*, 372 U.S. 293, 313 (1963)).

Whether Petitioner's request for an evidentiary hearing is evaluated under § 2254(e)(2) or the pre-AEDPA standard, he is not entitled to an evidentiary hearing because he has failed to allege any facts that would entitle him to the grant of the writ. *See McAdoo*, 365 F.3d at 500 (holding that it was unnecessary to determine if § 2254(e)(2) was applicable because petitioner was unable to allege any fact that he could develop that would result in obtaining

relief). Petitioner argues that he is entitled to an evidentiary hearing because he was diligent in seeking to develop the factual basis of his ineffective assistance claim in State court. While Petitioner did indeed file a motion to remand for an evidentiary hearing in state court, the Court does not find that this demonstrates his diligence or that it requires an evidentiary hearing for the simple reason that Petitioner has not, in this Court or in state court, pointed to any fact that would entitle him to relief on his ineffective assistance claim.[1] For example, Petitioner claims his counsel was ineffective because he failed to call three witnesses. Petitioner, however, has never explained the facts these witnesses would have testified to or how he was prejudiced by the failure to call these witnesses.[2]

---

[1] The Court notes Respondent's argument that Petitioner cannot receive an evidentiary hearing in federal court because in filing for a motion to remand in state court he apparently did not support his motion with an affidavit as required by the Michigan Court Rules. *See* M.C.R. 7.211(C)(1)(a)(ii). While there is some validity to Respondent's argument that this demonstrates Petitioner's lack of diligence, *see Williams*, 529 U.S. at 436 ("Diligence will require in the usual case that the prisoner, at a minimum, seek an evidentiary hearing in state court *in the manner prescribed by state law*.") (emphasis added), it is not necessary for the Court to rely on this line of argument because Petitioner has failed to allege any facts supporting his claim, thus whether § 2254(e)(2) applies or not, Petitioner is not entitled to an evidentiary hearing.

[2] Similarly, Petitioner's allegation that his counsel was ineffective for failing to move for the state trial judge to recuse herself is also without merit. The Magistrate Judge properly noted that Petitioner "fail[ed] to demonstrate law supporting his assertion of entitlement to a new judge, and [failed] to identify any conduct by the trial judge that would demonstrate bias." R&R at 22. While Petitioner objects to this finding, he fails to raise any applicable authority or facts that would result in a different conclusion. Petitioner principally relies on a series of cases in which a trial judge participates in a prior proceeding and then sits as the trier of fact in a later proceeding. *See In re Murchinson*, 349 U.S. 133 (1955) (trial judge conducted a "one-man judge-grand jury" and then presided over a criminal contempt proceeding); *People v. Ramsey*, 385 Mich. 221, 187 N.W.2d 887 (1971) (trial judge impermissibly referred to a preliminary examination transcript that was not placed in

Whether cast as a lack of diligence in developing the facts underlying his claim or as a failure to allege facts entitling him to relief, Petitioner's failure to identify a single fact in support of his claim dooms his request for an evidentiary hearing. *See Cannon v. Mullin*, 383 F.3d 1152, 1176-77 (10th Cir. 2004) ("The federal district court should not be required to conduct an evidentiary hearing on a claim when the applicant for relief has not presented evidence that would be readily available if the claim were true."); *Dowthitt v. Johnson*, 230 F.3d 733, 758 (5th Cir. 2000) ("Mere requests for evidentiary hearings will not [satisfy § 2254(e)(2)]; the petitioner must be diligent in pursuing the factual development of his claim."). Absent facts that would be sufficient to support his underlying claims, Petitioner is not entitled to an evidentiary hearing.

Petitioner appears to be under the impression that his mere request for a hearing, buttressed by an exhaustive citation to marginally applicable caselaw, yet unsupported by facts, entitles him to an evidentiary hearing. As set forth above, that is not the law. Accordingly, Petitioner's request for an evidentiary hearing is denied.[3] Further, the Court has

---

evidence while sitting as the trier of fact); *People v. Walker*, 385 Mich. 596, 189 N.W.2d 41 (1971) (trial judge participated in pre-trial proceeding and then presided over criminal trial as the trier of fact). A cursory review of the proceedings below demonstrates that this line of cases has no applicability to this case.

[3]Petitioner also appears to argue that he is unable to establish prejudice under *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984), because he has not had the opportunity to develop such facts in an evidentiary hearing. This argument is nothing more than circular logic that, if accepted, would eviscerate the requirements of § 2254(e)(2) and entitle every habeas petitioner to an evidentiary hearing on any issue. *Bowling v. Parker*, 344 F.3d 487, 512 (6th Cir. 2003).

reviewed the portion of the R&R addressing Petitioner's ineffective assistance of counsel claim and concludes that the Magistrate Judge properly analyzed the issue.[4]

Petitioner has also objected to the Magistrate Judge's review of his prosecutorial misconduct claim. Petitioner argues that the Magistrate Judge did not apply the correct legal standard to his claim. This argument is completely unfounded and is based upon a misunderstanding of the applicable law. As the Magistrate Judge noted, in order for a petitioner to be entitled to habeas relief based on prosecutorial misconduct, he must

---

[4]In his objections, Petitioner contends that the Magistrate Judge applied the wrong standard to evaluate his ineffective assistance of counsel claim, asserting that the Magistrate Judge should have applied *United States v. Cronic*, 466 U.S. 648 (1984), instead of *Strickland v. Washington*, 466 U.S. 668 (1984). This argument is completely misplaced. *Strickland* provides the "general framework for analyzing ineffective-assistance-of-counsel claims." *Moss v. Hofbauer*, 286 F.3d 851, 859 (6th Cir. 2002). *Cronic*, however, may apply in certain limited circumstances, giving rise to an irrebuttable presumption of prejudice. *Id*. These circumstances include a complete absence of counsel, denial of counsel at a critical stage of trial, and situations in which "counsel entirely fails to subject the prosecution's case to meaningful adversarial testing." *Id*. at 859-60 (quoting *Cronic*, 466 U.S. at 659). The Sixth Circuit has applied *Cronic* "only where the constructive denial of counsel and the associated collapse of the adversarial system is imminently clear." *Id*. at 861 (citing *Rickman v. Bell*, 131 F.3d 1150, 1156-60 (6th Cir. 1997)). Although not accepted by the Sixth Circuit, other circuits distinguish between *Cronic* and *Strickland* in terms of whether counsel provided no representation at all versus bad or deplorable assistance. *Id.* (citing *Glover v. Miro*, 262 F.3d 268, 276-77 (4th Cir. 2001); *Childress v. Johnson*, 103 F.3d 1221, 1231 (5th Cir. 1997) ("[W]e have consistently distinguished shoddy representation from no defense at all."); and *Scarpa v. DuBois*, 38 F.3d 1, 12-15 (1st Cir. 1994) ("*Strickland* controls inquiries concerning counsel's actual performance at trial, and [] substandard performance, in the nature of particular attorney errors, cannot conclusively be presumed to have been prejudicial.")). In this case, the attorney errors alleged by Petitioner are clearly directed to counsel's performance at trial and certainly do not rise to the level of a collapse of the adversarial system. Accordingly, the Magistrate Judge properly analyzed Petitioner's claim under *Strickland*.

demonstrate that the prosecutor's misconduct "'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" *Darden v. Wainwright*, 477 U.S. 168, 181 (1986) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)); *see also Bowling*, 344 F.3d at 512-13 (applying *Darden* to a prosecutorial misconduct claim on habeas review). In making his argument, Petitioner erroneously relies upon the plain error standard applicable to prosecutorial misconduct claims on direct, rather than habeas, review. *See e.g., United States v. Young*, 470 U.S. 1 (1985); *United States v. Sanchez*, 176 F.3d 1214 (9th Cir. 1999); *United States v. Carroll*, 26 F.3d 1380 (6th Cir. 1993). This standard is not applicable to Petitioner's claim for habeas relief. Accordingly, Petitioner's objection is meritless.

The Court has reviewed the Magistrate Judge's Report and Recommendation and concludes that the Magistrate Judge properly analyzed each of Petitioner's claims. Accordingly, Petitioner's objections are overruled and the Magistrate Judge's Report and Recommendation is approved and adopted as the opinion of the Court.

Date:   October 20, 2005          /s/ Robert Holmes Bell
                                  ROBERT HOLMES BELL
                                  CHIEF UNITED STATES DISTRICT JUDGE